No. 23,930.

Missouri Pacific Railroad Company, *Appellee*, v. The Board of County Commissioners of the County of Mitchell et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. Public Road Improvements—*Special Assessments—Injunction—Statute of Limitations.* In an action by a property owner to enjoin a special assessment for the construction of a hard-surfaced road, one defense was that the action was barred because not brought within thirty days under section 1 of chapter 246 of the Laws of 1919. That section of the statute and the amendment found in section 1 of chapter 218 of the Laws of 1921 are considered together, and *held,* that until the property owner's rights are affected by some illegal proceeding he has no right to maintain an action, and that the legislature contemplated that under the two statutes referred to the property owner should have the right to bring an action within thirty days from the date of the order of which he complains.

2. Same—*Injunction to Enjoin Special Assessment—Limitation of Action.* In an action by a railroad company to enjoin a special assessment against its property to pay for the cost of a hard-surfaced road on the sole ground that the assessment is arbitrary, capricious and discriminatory against plaintiff's rights, the action may be brought within thirty days from the final order making the special assessment.

3. Same—*Action of Injunction Brought Within Thirty Days from Date of Final Order.* On July 12 the county board made an order establishing the proportionate cost in the different zones of a hard-surfaced road benefit district and assessed the property of the plaintiff railroad company at a certain rate. The county clerk was instructed to send out notices to the landowners and to fix July 28 as the date for hearing objections to the order. On that date the railroad company appeared and objected to the order. The board refused to make any change therein. *Held,* that the order made on July 12 was merely tentative, and that the final order was made on the date when the complaints of the landowners were passed upon, and therefore the action was not barred if brought within thirty days from July 28.

4. Same—*Landowner's Name Omitted from Petition—No Release from Paying Assessments.* A landowner cannot escape the payment of his share of the cost of the construction of a hard-surfaced road merely because the parties who prepared the petition for the improvement failed to give a description of his lands and omitted his name from the list of landowners.

5. Same—*Method of Making Assessments Arbitrary, Unjust and Discriminatory.* In assessing the right of way of the railroad company for the cost of a hard-surfaced road the chairman of the county board testified that they took into consideration the fact that the railroad company had received several thousand dollars for hauling material for the construction of the road; also that in the past many thousand tons of alfalfa had been raised in the community which it was impossible to market by reason of the condition of the public roads, and that the construction of such a road would, in the future, enhance the earnings of the railroad company for freight

charges for hauling such products. *Held,* an assessment based on these grounds when applied to railroad property alone is arbitrary and unjust.

6. SAME. The evidence showed that in determining the valuation of the lands of the railroad company the commissioners took the figures from the report of the state tax commission, with the result that the right of way of the company was assessed at approximately fifty-seven dollars an acre, while that of adjoining farm property was assessed at not exceeding four dollars an acre. *Held,* sufficient to support a general finding that the tax was discriminatory and unjust.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed February 11, 1922. Affirmed.

*R. L. Hamilton,* of Beloit, for the appellants.

*J. M. Challis, W. P. Waggener,* both of Atchison, and *C. L. Kagey,* of Beloit, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was one to enjoin a special assessment against the property of the railroad company for the construction of a hard-surfaced road. The plaintiff prevailed and the defendants appeal.

The main contention argued in defendants' briefs is that the action was barred by section 1 of chapter 246 of the Laws of 1919, which reads:

"And no action shall be brought to restrain the making of such improvements, or payment therefor, or levy of taxes or special assessments or issuance of bonds therefor, on the grounds of any illegality in said petition, or in any proceedings prior to said order, or in said order, unless such action be commenced within thirty days after the date of said order."

Manifestly the order referred to in this section is the one finding the improvement to be of public utility, or some order or proceeding prior thereto. The plaintiff cites the provisions of section 1 of chapter 218 of the Laws of 1921, which reads:

"No action shall be brought to restrain the making of such improvements, or payment therefor, or levy of taxes or special assessments or issuance of bonds therefor on the ground of any illegality or irregularity in advertising, receiving bids or awarding the contract, or any proceedings prior to the award of said contract, or decision by the board to make such improvements by day labor, unless such action be commenced within thirty days after the date said contract is awarded or decision by the board to make such improvements by day labor."

The petition charges no irregularity such as referred to in the act of 1919. The plaintiff takes no exception to the sufficiency of the petition for the improvement, nor to the order declaring the road to be of public utility. The railroad company makes no complaint of

any· irregularity in advertising, receiving bids, awarding the contract, or the decision to make the improvements by day labor. The order sought to be enjoined is the levy of a special assessment for the payment of the cost of the improvement, on the grounds that the assessment is arbitrary, capricious and discriminatory against the plaintiff's rights. A property owner is authorized under section 265 of the code of civil procedure to bring such an action on the ground last stated. (Gen. Stat. 1915, § 7163, as amended by Laws 1917, ch. 247.) The statute of 1919 and the amendment of 1921 contemplate that no action shall be brought to enjoin the assessment unless commenced within thirty days from the date when the order affecting the property owner's rights is made. It was held in *Marshall v. City of Leavenworth,* 44 Kan. 459, 24 Pac. 975, that under a similar statute the limitation of thirty days commences to run at the time when the assessment is ascertained. Until the property owner's rights are affected by some illegal proceeding, he has no right to maintain an action. We think the legislature contemplated that, under the law providing for the construction of hard-surfaced roads, a property owner should have the right to bring an action within thirty days from the date of the order of which he complains..

The petition for the improvement was filed in August, 1917, and the contract was not let until October, 1919. On July 12, 1921, at a meeting of the county board the matter of establishing the proportionate cost of the different zones of the hard-surfaced road benefit district was taken up. The property of the plaintiff company was all in zone "A," which was assessed at $41.90 per $1,000 valuation. The board ordered the property of the plaintiff, however, placed in zone "C," where the rate was only $23.094 per $1,000. The county clerk was instructed to send out notices to the landowners and to fix July 28 as the date for hearing objections to the order. The minutes of the board show that the intention was to regard the order made that day as the final one; that it was in the mind of the board that the time for taking an appeal would expire thirty days from July 12. On July 28 the railroad company appeared before the board and made numerous objections to the order. At the same time other property owners appeared with objections and the board made a number of changes in the order of July 12 affecting other property but refused to make any change in the order affecting that of the plaintiff. We think the plaintiff's contention is correct, and that the order was not final on the 12th day of July. The order made on

that day was merely tentative. The final order was made after hearing the complaints of the landowners. The time given by the legislature for a disinterested landowner to appeal from an order fixing a liability upon him is limited to thirty days. The court has uniformly held that unless the action is brought within that time it is too late to raise any question concerning the legality of the proceedings or the assessment. (*Rockwell v. Junction City*, 92 Kan. 513, 141 Pac. 299, and cases cited in opinion; *Railroad Co. v. Barton County*, ante, p. 310, 203 Pac. 698.)

It sometimes happens that the owner of property affected by the assessment resides at a distance, and thirty days seems to be short enough to furnish a reasonable time in all cases. In view of the importance of the interests often involved in such proceedings the statute ought to be given a liberal construction, and we think such a construction requires us to hold that no part of the thirty days runs before the final order of the commissioners made after a hearing or the expiration of the time fixed for the hearing. The statute of limitations was not a defense to the action.

Another contention of the railway company is that its property is not liable for payment of any part of the costs of the improvement because the railroad was not designated as a landowner, and because the land was not described therein. The petition for the improvement contained this statement:

"The lands to be taxed for such improvement are included in the Beloit-Asherville Benefit District hereby created and said district shall consist of all the following described lands and none other, to wit:"

We think, however, that if the company owned land or an interest therein within the taxing district it could not escape the payment of its share for the cost of the improvement merely because the parties who prepared the petition for the improvement omitted the name of the railroad company or gave no description of its lands.

The principal contention upon which the plaintiff relies is that the assessment is arbitrary and discriminatory with respect to its property. The chairman of the board of county commissioners and other officials testified to the methods by which the benefits against the railroad were assessed. Among other things the chairman testified that they took into consideration the fact that the railroad company had received several thousand dollars for hauling material which it would never have received except for the construction of the road; another reason given was that in past years there had been raised in

the community many thousand tons of alfalfa which it was impossible to get to market by reason of the condition of the public roads. The theory that the construction of the hard-surfaced road would in the future result in the farmers delivering to the railroad a great amount of alfalfa and other products for shipment, and that thereby the receipts of the company for freight charges would be enhanced, was taken into consideration in arriving at the benefits accruing to the railroad company. We think taxing a railroad or other property in the district for the improvement of a highway, based on such imaginary or fanciful view of future earnings, is capricious, and when applied as in this case to the railroad property alone, was arbitrary and unjust.

It appears from the testimony that the chairman of the board, the county clerk and other officials, in determining the valuation of the railroad property, took the figures from the report of the state tax commission, which fixed the valuation of the railroad right of way at $19,000 per mile in Mitchell county. This is understood to include the road bed, the railroad track, ties, bridges and improvements actually on the ground. Upon all other property in the district, excepting that of the railroad company, the valuation was made by appraisers appointed by the board of commissioners. The railroad property was in zone "A" of the district where the assessed valuation would be $43 per $1,000 valuation. To assess it as in zone "A" seemed rather too strong, and so the order was made taxing the railroad's property as though it were in zone "C," where the rate was lower. The railroad right of way contains approximately forty acres. The notice sent to the company of the order of July 12 stated that the assessment of benefits against its property amounted to $1,638.47, which was about $40 per acre. At the hearing on July 28 it appeared that the assessment against the property of plaintiff was in fact $2,304.44, or approximately $57 per acre. The testimony showed that there is no difference in the character of the land occupied by the right of way and the land on either side, and that the farm land in section 11, through which the road runs, was assessed at $4 per acre and in section 12 about $3.50 per acre. To the question why the railroad land was assessed at that rate per acre when the land on either side was assessed at from $3.50 to $4 per acre, the answer was:

"We assessed the property according to the benefits which the county board, in its judgment, deemed was proper."

The court below gave a general judgment in plaintiff's favor which amounts to a finding that the tax was discriminatory, unjust and unlawful. We think the evidence abundantly sustains the finding and that it was proper to order a permanent injunction against this assessment.

The judgment is affirmed.